UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.:

ANGEL GONZALEZ,

                Plaintiff,

v.

SOUTHERN ENGINEERING &
CONSTRUCTION CORP., DENNIS JOSEPH
MAKRANCY, and ALBA D. WILLIAMS,

                Defendants.

---

## COMPLAINT

Plaintiff ANGEL GONZALEZ ("Plaintiff") sues defendants SOUTHERN ENGINEERING & CONSTRUCTION CORP. ("SEC"), DENNIS JOSEPH MAKRANCY, and ALBA D. WILLIAMS (collectively "Defendants") and alleges as follows:

### NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination, harassment and hostile work environment in violation of Title VII of the Civil Rights Act, 42 USC § 2000e *et seq*. ("Title VII"); Section 1981; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), his wrongful, retaliatory discharge in violation of Section 440.205 of the Florida Statutes and in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) ("FLSA").

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 626(c)(1) *et seq*., 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367 (a).

2.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendants reside in this district, have their principal place of business within this district; also, because Defendants are subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.  Upon information and belief, Defendants ALBA WILLIAMS ("Williams") and DENNIS JOSEPH MAKRANCY ("Makrancy") are owners and managers/supervisors/officers of Defendant SOUTHERN ENGINEERING & CONSTRUCTION CORP. ("SEC").

3.     Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA and Fla. Stat. Section 440.205.

## PARTIES

4.     At all times material, Plaintiff was a resident of Broward County, Florida.

5.     At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f), 29 U.S.C. § 630(f), 29 U.S.C. § 203(e)(1) and Fla. Stat. § 440.02(15).

6.     At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

7.      SEC conducts business throughout the United States of America. Specifically, it maintains a business at 5337 North Nob Hill Road, Sunrise, FL 33351, where Plaintiff used to work[1].

8.      At all times material, SEC was a "person" and "employer" as defined by 42 U.S.C. § 2000e(a) and (b); 29 U.S.C. § 630(a) and (b); Fla. Stat. § 760.02(7); and § 440.02(16).

9.      At all times material, SEC employed twenty (20) or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the applicable statute, Title VII, ADEA and the FCRA.

10.     Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

a.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office on May 29, 2018.

b.      Plaintiff was issued a Notice of Right to Sue as to all charges of discrimination and retaliation on July 17, 2019.

12.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

---

[1] Plaintiff reserves the right to amend this complaint to include other business under which the Defendant may be operating. If that is the case, Plaintiff intends to amend theories of successor liability, joint employment, agency, and/or joint enterprise.

13.    Plaintiff began working for Defendants on August 7, 2016, as an equipment operator.

14.    At the time he filed his charge of discrimination, Plaintiff was a 55-year old male from Puerto Rico. At all relevant times, he was the only Puerto Rican working for Defendants.

15.    Throughout his employment with Defendants, Plaintiff was continuously and repeatedly subjected to discriminatory remarks regarding his nationality and age. The pervasiveness and/or severity of these discriminatory, insulting remarks was such that it had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile, or offensive working environment.

16.    As a result, Plaintiff's terms, conditions or privileges of employment were affected.

17.    The discriminatory comments were made by coworkers with the approval of and following instructions by upper management.

18.    Plaintiff complained to his supervisor about the continuous and repeated discriminatory remarks and the hostile work environment these remarks created to no avail. Whenever Plaintiff complained about the discriminatory and biased comments which he endured at the hands of other employees, instead of taking remedial measures, Defendants' management laughed at him, thus endorsing, encouraging and perpetuating the discriminatory, insulting behavior.

19.    Plaintiff's coworkers said to him, repeatedly and on a continuous basis, remarks such as: "you are an old man," "when are you going to retire?"  "you should go back to Puerto

Rico," "you Puerto Ricans don't know Spanish," "go home, retire and play with your grandchildren," or words to that effect.

20.     As a result of Plaintiff's complaints, and in overt retaliation, SEC demoted Plaintiff from his position, Plaintiff was forced to perform tasks that were outside of his job responsibilities and SEC's discriminatory remarks continued and increased in severity and pervasiveness turning Plaintiff's work environment more hostile.

21.     Also, other younger, similarly situated employees were given the best leads, assignments, and equipment to perform their jobs and were given more hours of work than Plaintiff.

22.     In 2017, Plaintiff filed an anonymous complaint with the Department of Labor ("Department") for unpaid overtime wages.

23.     The Department conducted an investigation and on November 9, 2017, SEC settled the administrative complaint with the Department with the outcome that SEC paid owed wages to all of its employees.

24.     Notwithstanding the payment SEC made to its employees and the settlement that it reached, SEC suspected (and other coworkers confirmed) that Plaintiff was the one who filed the complaint with the Department of Labor.

25.     Consequently, SEC took retaliatory actions against Plaintiff, namely by gradually reducing his working hours up to the point that he was terminated in November 2017.

26.     Additionally, Plaintiff had an accident at work and filed a claim for worker's compensation on August 12, 2017.

27.     Plaintiff visited doctors and underwent therapy for about a month. Plaintiff's doctors ordered that he be put on light duty. However, SEC, albeit able to do it, did not follow the recommendation, and instead interfered with Plaintiff's medical appointments by unilaterally changing the hours of his appointments and discouraging him from receiving medical treatment.

28.     Moreover, whenever Plaintiff asked to be put on available light duty, SEC took retaliatory action by reducing his hours and sending him home. Approximately a month after filing for worker's compensation, and on account of all the retaliatory actions that SEC took against him, Plaintiff decided to ask for a discharge from his medical treatment.

29.     Plaintiff's termination in November of 2017 was in retaliation for requesting worker's compensation and for having filed a complaint with the Department of Labor for unpaid overtime wages. It was also due to discriminatory and retaliatory animus on account of Plaintiff's national origin and age, and Plaintiff's complaints about these types of discrimination.

## COUNT I:
## VIOLATION OF THE ADEA BY SEC –
## HOSTILE WORK ENVIRONMENT

30.     Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29 as if fully stated herein.

31.     At all times material to this action, SEC engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

32.     Plaintiff is over 40 years old and is within a protected class.

33.     Plaintiff was qualified to perform his job.

34.     SEC intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, subjecting Plaintiff to

SEC's harassing and offensive comments regarding his age.  and terminating Plaintiff due to his age.

35.     The effect of the practices complained of in paragraphs 13 to 21 has been to deprive Plaintiff of equal employment opportunities, specifically his employment, because of his age.

36.     As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

37.     Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of SEC's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  Enter judgment in Plaintiff's favor and against SEC for its violations of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

C.  Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorneys' fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE ADEA BY SEC –
## DISPARATE TREATMENT – AGE DISCRIMINATION

38.     Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29 as if fully stated herein.

39.     At all times material to this action, SEC engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

40.     Plaintiff is over 40 years old and is within a protected class.

41.     Plaintiff was qualified to perform his job.

42.     SEC intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by terminating Plaintiff due to his age.

43.     The motivating factor that prompted SEC to discriminate against Plaintiff depriving him of equal employment opportunities was Plaintiff's age.

44.     As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

45.     Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of SEC's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  Enter judgment in Plaintiff's favor and against SEC for its violations of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

C.  Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorneys' fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III:**
**VIOLATION OF THE ADEA – RETALIATION**

46.  Plaintiff repeats and re-alleges paragraphs 1 – 21, 29 and 30 – 45, as if fully stated herein.

47.  SEC's harassment of Plaintiff on account of his age only worsened after Plaintiff complained about it and Plaintiff was terminated.

48.  Despite Plaintiff's repeated claims, SEC took no remedial action to stop the ongoing harassment.

49.  SEC's conduct and disregard for Plaintiff's continued complaints were motivated by an intent to retaliate against Plaintiff for his protected activity under the ADEA.

50.  SEC willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.

51.  As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against SEC as follows:

A.  Enter judgment in Plaintiff's favor and against SEC for its violations of the anti-retaliatory provisions of the ADEA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

C.  Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorneys' fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT IV: VIOLATION OF THE FCRA – HOSTILE WORK ENVIRONMENT – AGE DISCRIMINATION

57.     Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29, as if fully stated herein.

58.     Plaintiff has been harassed because of his age in violation of the FCRA, and because of SEC's perpetuation, tolerance and encouragement of a hostile work environment, he has suffered irreparable injury and compensable damages unless and until this court grants relief.

59.     Defendant created a hostile work environment and terminated Plaintiff's employment because of his age.

60.     The unlawful employment practices complained of herein and the actions of Defendant SEC and its agents, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

61.     As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

B.  Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

C.  Actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E.  Punitive damages, according to proof;

F.  Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

G.  Such other and further relief as the Court deems just and proper.

### COUNT V: VIOLATION OF THE FCRA – DISPARATE TREATMENT – AGE DISCRIMINATION

62.     Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29 as if fully stated herein.

63.     Plaintiff was subjected to disparate treatment because of his age in violation of the FCRA, and because of such actions by Defendant, he has suffered irreparable injury and compensable damages unless and until this court grants relief.

64.     Defendant terminated Plaintiff's employment because of his age.

65.     The unlawful employment practices complained of herein and the actions of Defendant and its agents, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

66.     As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

B.  Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

C.  Actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800            Telephone: 305.503.5131
Aventura, Florida 33180                    Facsimile: 888.270.5549

E.  Punitive damages, according to proof;

F.  Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

G.  Such other and further relief as the Court deems just and proper.

**COUNT VI:**
**VIOLATION OF THE FCRA –**
**RETALIATION – AGE DISCRIMINATION**

67.    Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29, 57 – 66 as if fully stated herein.

68.    Defendant treated Plaintiff with increased hostility, unfairness and disdain as described above, in retaliation for his complaining to Defendant about the discriminatory behavior and the resulting hostile working environment, on account of his age.

69.    Defendant terminated Plaintiff because of his age.

70.    Defendant's actions are retaliatory in violation of the FCRA.

71.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

72.    Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

73.    As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has

been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. A declaration that the acts and practices of Defendant complained of in this complaint are in violation of the FCRA;

B. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

C. Actual damages suffered, including lost wages, lost of fringe benefits and damages;

D. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Punitive damages, according to proof;

F. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Such other and further relief, as the Court deems just and proper.

## COUNT VII:
## VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN DISCRIMINATION

74.     Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29 as if fully stated herein.

75.     Plaintiff was harassed, and discriminated in the terms, conditions, or privileges of employment. Plaintiff's national origin was a motive to discriminate against him in violation of

Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an unlawful employment practice.

76.     Plaintiff's national origin was a motivating factor in the decision to harass Plaintiff and in creating and perpetuating a hostile work environment against him.

77.     As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of SEC's conduct.

**WHEREFORE**, Plaintiff demands judgment against SEC as follows:

    A.  Enter judgment in Plaintiff's favor and against SEC for its violations of Title VII of the Civil Rights Act;

    B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

    C.  Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

    E.  Award Plaintiff prejudgment interest on his damages award;

    F.  Award Plaintiff reasonable costs and attorneys' fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and

just.

## COUNT VIII:
## VIOLATION OF TITLE VII – DISPARATE TREATMENT –
## NATIONAL ORIGIN DISCRIMINATION

78.    Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29 as if fully stated herein.

79.    Plaintiff was discriminated in the terms, conditions, or privileges of employment

and was discharged from his employment. Plaintiff's national origin was a motive to

discriminate against him by terminating him from employment in violation of Title VII of the

Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an

unlawful employment practice. Plaintiff's national origin was a motivating factor in the decision

to discharge Plaintiff from employment.

80.    As a direct and proximate result of the intentional violations by SEC, Plaintiff has

suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being,

and will be in the future, deprived of income in the form of wages and of prospective benefits

solely because of SEC's conduct.

**WHEREFORE**, Plaintiff demands judgment against SEC as follows:

A.  Enter judgment in Plaintiff's favor and against SEC for its violations of Title

VII of the Civil Rights Act;

B.  Award Plaintiff actual damages suffered, including lost wages and loss of

fringe benefits;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800              Telephone: 305.503.5131
Aventura, Florida 33180                      Facsimile: 888.270.5549

C.   Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.   Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

E.   Award Plaintiff prejudgment interest on his damages award;

F.   Award Plaintiff reasonable costs and attorneys' fees; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT IX:**
**VIOLATION OF TITLE VII RETALIATION – NATIONAL ORIGIN**

81.   Plaintiff repeats and re-alleges paragraphs 1 - 21, 29, 74 - 80 as if fully stated herein.

82.   Plaintiff complained to SEC about the discriminatory charged slurs made by Plaintiff's coworkers against him on account of his nationality/origin.

83.   Plaintiff was retaliated against for complaining about his coworkers' racially charged remarks addressed towards him on account of his nationality/origin. But for Plaintiff's complaints to SEC about the derogatory remarks about Plaintiff for being Puerto-Rican and about Plaintiff as a member of that nationality, Plaintiff would not have been dismissed from his employment and his work environment would not have become more hostile.

84.   As a direct and proximate result of the intentional retaliatory violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental

SAENZ & ANDERSON, PLLC

anguish. Furthermore, as a direct and proximate result of such actions by SEC, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of SEC's conduct.

**WHEREFORE**, Plaintiff, demands judgment against SEC as follows:

A.  Enter judgment in Plaintiff's favor and against SEC for its violations of the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a);

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C.  Award Plaintiff compensatory damages under the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a), for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the antiretaliatory provisions of Title VII;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this court deems equitable and just.

**COUNT X:**
**VIOLATION OF THE FCRA –**
**HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN DISCRIMINATION**

85.  Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29, as if fully stated herein.

86.     Plaintiff was discriminated and harassed because of his Puerto-Rican national origin in violation of the FCRA, and because of such actions by SEC, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

87.     The unlawful employment practices complained of herein and the actions of SEC and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

88.     Plaintiff was constantly harassed on the basis of his national origin.

89.     SEC thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

90.     As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

    B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

    C.  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180        Facsimile: 888.270.5549

D.   Award punitive damages, according to proof;

E.   Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

F.   Such other and further relief as the Court deems just and proper.

### COUNT XI:
### COUNT VI: VIOLATION OF THE FCRA – DISPARATE TREATMENT – NATIONAL ORIGIN DISCRIMINATION

91.   Plaintiff repeats and re-alleges paragraphs 1 – 21 and 29, as if fully stated herein.

92.   Plaintiff was discriminated, demoted and terminated because of his Puerto-Rican national origin in violation of the FCRA, and because of such actions by SEC, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

93.   The unlawful employment practices complained of herein and the actions of SEC and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

94.   Plaintiff was terminated on the basis of his national origin.

95.   SEC thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

96.   As a direct and proximate result of the intentional violations by SEC, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C.  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

D.  Award punitive damages, according to proof;

E.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

F.  Such other and further relief as the Court deems just and proper.

## COUNT: XII
## COUNT VIII: VIOLATION OF THE FCRA RETALIATION – <u>NATIONAL ORIGIN DISCRIMINATION</u>

97.    Plaintiff repeats and re-alleges paragraphs 1 - 21, 29, and 85 - 96 as if fully stated herein.

98.    Defendant's termination of Plaintiff was because of his complaining about Defendant's derogatory remarks about Puerto-Ricans.

99.    Defendant retaliated against Plaintiff in violation of the FCRA.

100.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

SAENZ & ANDERSON, PLLC

101.    Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

102.    As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendant as follows:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of antiretaliatory provisions of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C.  Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliatory actions, according to proof;

D.  Punitive damages, according to proof;

E.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

F.  Such other and further relief as the Court deems just and proper.

**COUNT XIII:**
**HOSTILE WORK ENVIRONMENT RACE DISCRIMINATION – 42 USC §1981**

103.    Plaintiff repeats and re-alleges paragraphs 1 – 21, and 29 as if fully stated herein.

SAENZ & ANDERSON, PLLC

104.    Plaintiff was discriminated in the terms, conditions, or privileges of employment and was harassed by Defendants during his employment. The discrimination in the form of a hostile work environment Plaintiff suffered at the hands of Defendants was caused by and motivated by his Puerto-Rican race or ethnicity. Specifically, Defendants attacked Plaintiff's race and ethnicity by constantly stating racially charged slurs aimed towards Plaintiff and allowing and encouraging their agents and employees to make racially derogatory remarks against Plaintiff.

105.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

106.    Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

107.    As a direct and proximate result of the intentional discriminatory violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendants, as follows:

A.  Enter judgment in Plaintiff's favor and against the Defendants for their violations of 42 USC §1981 of the Civil Rights Act;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

SAENZ & ANDERSON, PLLC

C.  Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this court deems equitable and just.

**COUNT XIV:**
**DISPARATE TREATMENT RACE DISCRIMINATION – 42 USC §1981**

108.    Plaintiff repeats and re-alleges paragraphs 1 – 21, and 29 as if fully stated herein.

109.    Plaintiff was discriminated in the terms, conditions, or privileges of employment and was discharged from his employment. The discrimination Plaintiff suffered at the hands of Defendants was caused by and motivated by his Puerto-Rican race or ethnicity.

110.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

111.    Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

112.    As a direct and proximate result of the intentional retaliatory violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain

and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    A. Enter judgment in Plaintiff's favor and against the Defendants for their violations of 42 USC §1981 of the Civil Rights Act;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    C. Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

    D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

    E. Award Plaintiff prejudgment interest on his damages award;

    F. Award Plaintiff reasonable costs and attorney's fees; and

    G. Grant Plaintiff such other and further relief, as this court deems equitable and just.

**COUNT XV:**
**RETALIATION RACE DISCRIMINATION – 42 USC §1981**

113. Plaintiff repeats and re-alleges paragraphs 1 – 21, 29, and 103 – 112 as if fully stated herein.

SAENZ & ANDERSON, PLLC

114.    Plaintiff was subjected to hostile work environment and was discharged from his employment in retaliation for opposing Defendants' discriminatory practices. The retaliation Plaintiff suffered at the hands of Defendants was caused by and motivated complaints about being discriminated and subjected to a hostile work environment on account of his Puerto-Rican race or ethnicity.

115.    The unlawful employment practices complained of herein and the actions of Defendants and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

116.    Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

117.    As a direct and proximate result of the intentional retaliatory violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendants, as follows:

A.  Enter judgment in Plaintiff's favor and against the Defendants for their violations of 42 USC §1981 of the Civil Rights Act;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

C.  Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT XVI:
## FEDERAL STATUTORY VIOLATION PURSUANT TO THE FLSA – RETALIATORY DISCHARGE (AGAINST ALL DEFENDANTS)

118.  Plaintiff repeats and re-alleges paragraphs 1 – 10, 22 – 25, and 29, as if fully stated herein.

119.  Plaintiff was an employee of Defendants and was terminated in November 2017. Williams and Makrancy were employers of Plaintiff under the FLSA within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of SEC in relation to the Plaintiff and the employees of SEC, including Plaintiff. Williams and Makrancy had operational control of SEC, were involved in the day-to-day functions of SEC, made decisions as to how and how much to pay Plaintiff, came up with the excuse to terminate Plaintiff, directed the Plaintiff's termination, and are jointly liable for Plaintiff's damages. Williams and Makrancy are and were at all times relevant persons in control

of SEC's financial affairs with respect to wages to be paid to Plaintiff. Williams and Makrancy can, and all times relevant, could influence SEC to compensate (or not to compensate) its employees in accordance with the FLSA.

120.    During his employment with Defendants and prior to his termination, Plaintiff complained to the Department of Labor about unpaid overtime wages.

121.    Section §215(a)(3) of the FLSA states that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

122.    A motivating factor, which caused Plaintiff's discharge as described above, was his complaint to the Department of Labor for unpaid overtime wages on his behalf and on behalf of all the employees of Defendants. Plaintiff would not have been fired but for his complaints.

123.    Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter a judgment against Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting Defendants from discriminating in the manner described above, emotional distress and

humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## COUNT XVII:
## RETALIATORY DISCHARGE AND COERCION UNDER FL. STATUTE 440.205

124.    Plaintiff repeats and re-alleges paragraphs 1 – 13 and 26 - 29 as if fully stated herein.

125.    Plaintiff had an accident at work and filed a claim for worker's compensation on August 12, 2017.

126.    SEC interfered with Plaintiff's medical appointments, treatment and took retaliatory action by reducing his hours and sending him home.  Plaintiff was coerced into dismissing his claim for worker's compensation.

127.    Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

128.    Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to **discharge, intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

129.    The apparent reason for the intimidation, coercion and termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

130.    A motivating factor, which caused Plaintiff's intimidation, coercion and discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been intimidated, coerced, or fired but for his claiming worker's compensation benefits as described above.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

131.     SEC's intimidation, coercion and termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

132.     By reason of SEC's wrongful intimidation, coercion and discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

133.     SEC's conduct in wrongfully intimidating, coercing, and discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against SEC as follows:

A.  Award Plaintiff all back wages from the date of discharge to the present; front wages; reinstatement and promotion;

B.  Injunctive relief prohibiting SEC from wrongfully discharging in the manner described above;

C.  Award Plaintiff compensatory mental damages;

D.  Grant Plaintiff all other relief that this Court may deem just and proper.

### <u>JURY TRIAL DEMAND</u>

Plaintiff requests a trial by jury on all issues so triable.


DATED: October 15, 2019.

Respectfully submitted,

**s/ R. Martin Saenz**
R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com
**s/Yadhira Ramírez-Toro**
Yadhira Ramírez-Toro (FBN: 120506)
E-mail: yramirez@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*